IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GABRIEL STOIAN,

            Petitioner,                      No. CIV S-10-3296 GEB EFB P

    vs.

MICHAEL MARTEL,

            Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner is a state prisoner with counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action proceeds on the December 7, 2010 petition.  Dckt. No. 1.  Respondent moves to dismiss on the grounds it is untimely.  Petitioner's opposition argues that the limitations period should be tolled for equitable reasons.  For the reasons explained below, the court finds that petitioner has not met the high threshold for application of equitable tolling, and the petition must be dismissed as untimely.

**I.    Procedural History**

      Petitioner was sentenced to a determinate state prison term of 18 years on January 5, 2007, following convictions for lewd and lascivious conduct with a child under 14 years of age. Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodg. Doc."), Lodg. Doc. 1.  The California Court of Appeal affirmed the judgment on June 30, 2008, and the California Supreme

1

1   Court denied petitioner's petition for review on September 10, 2008.  Lodg. Doc. Nos. 2-4.

2       Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on

3   December 10, 2009.  Lodg. Doc. No. 5.  The petition was denied on June 9, 2010.  Lodg. Doc.

4   No. 6.  The instant federal petition followed on December 7, 2010.  Dckt. No. 1.

5   **II.     Statute of Limitations**

6       A one-year limitations period for seeking federal habeas relief begins to run from the

7   latest of the date the judgment became final on direct review, the date on which a state-created

8   impediment to filing is removed, the date the United States Supreme Court makes a new rule

9   retroactively applicable to cases on collateral review or the date on which the factual predicate of

10  a claim could have been discovered through the exercise of due diligence.  28 U.S.C.

11  § 2244(d)(1).

12      **A.     Statutory Tolling**

13      There is no statutory tolling of the limitations period "from the time a final decision is

14  issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ."  *Nino v.*

15  *Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  However, once a petitioner properly files a state

16  post-conviction application the period is tolled, and remains tolled for the entire time that

17  application is "pending."  28 U.S.C. § 2244(d)(2).  "[A]n application is '*properly* filed' when its

18  delivery and acceptance are in compliance with the applicable laws and rules governing filings."

19  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  In California, a properly filed post-conviction application

20  is "pending" during the intervals between a lower court decision and filing a new petition in a

21  higher court.  *Carey v. Saffold*, 536 U.S. 214, 223 (2002).  A federal habeas application does not

22  provide a basis for statutory tolling.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

23      **B.     Equitable Tolling**

24      The limitations period may also be equitably tolled where a habeas petitioner establishes

25  two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

26  circumstance stood in his way and prevented timely filing.  *Holland v. Florida*, ___ U.S. ___,

130 S. Ct. 2549, 2554, 2562 (2010).  Petitioner has the burden of showing facts entitling him to equitable tolling.  *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).  The threshold necessary to trigger equitable tolling is very high, "lest the exceptions swallow the rule."  *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).  Equitable tolling may be applied only where a petitioner shows that some external force *caused* the untimeliness.  *Id*.

Where a petitioner claims that the untimeliness was caused by the actions of an attorney, the petitioner must show "attorney misconduct that is sufficiently egregious to meet the extraordinary misconduct standard."  *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010).  Garden variety claims of an attorney's excusable neglect do not constitute the type of extraordinary circumstances that may justify equitable tolling.  *Holland*, 130 S. Ct. at 2564.  Accordingly, "[a]ttorney negligence, including a miscalculation of a filing deadline, is not a sufficient basis for applying equitable tolling of the § 2244(d)(1) limitation period."  *Porter*, 620 F.3d at 959.

## III.  Analysis

In this case, the statute of limitations began to run when petitioner's conviction became final on direct review.  *See* 28 U.S.C. § 2244(d)(1)(A).  The California Supreme Court denied review on September 10, 2008.  Lodg. Doc. No. 4.  Thus, the conviction became "final" within the meaning of section 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety days later, on December 9, 2008.  Supreme Ct. R. 13; *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  The one-year limitations period commenced running the following day.  *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  Therefore, petitioner had until December 9, 2009 to file his federal habeas petition.  However, he did not file the instant petition until December 7, 2010.  Absent tolling, his application in this court is nearly one year late.

////

1    The parties do not dispute that petitioner is not entitled to statutory tolling for the period

2    of time that his state habeas petition was pending (between December 10, 2009 and June 9,

3    2010), because that petition was filed one day after the federal limitations period expired.

4    *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit

5    the reinitiation of the limitations period that has ended before the state petition was filed.").

6    Petitioner argues that he is entitled to equitable tolling, because his attorney, Mark

7    McBride, missed the applicable deadlines (first, December 9, 2009, and, if the state habeas had

8    been filed on that date (tolling the limitations period until resolved), then on June 10, 2010)

9    because he was embroiled in a custody dispute in which his ex-wife accused him of molesting

10   their young daughter.  Petitioner submits evidence of the following facts in support of his request

11   for equitable tolling:

12   Petitioner retained attorney McBride in August 2009 to file his federal habeas petition.

13   Dckt. No. 15-2, Pet'r's Decl., ¶ 4.  On October 5, 2009, McBride sent petitioner a letter

14   informing him (correctly) that "the drop dead filing date [for the federal petition] is December 9,

15   2009."  *Id.*, ¶ 5 & Ex. A.  Petitioner wrote to McBride several times in October and November to

16   provide him with information relevant to the federal petition and also to seek McBride's

17   assistance in avoiding an out-of-state transfer.  *Id.*, ¶¶ 6-8 & Exs. B-E.  McBride visited

18   petitioner in Soledad State Prison in early December 2009 (before December 9, 2009 – the final

19   filing date for the federal petition).  *Id.*, ¶¶ 9-14.  McBride advised petitioner that he should file a

20   state habeas petition before the federal petition in order to exhaust some claims.  *Id.*, ¶¶ 11-12.

21   McBride offered to file the state petition pro bono and told petitioner that filing the state petition

22   "would stop the clock in terms of the filing deadline for my federal habeas petition."  *Id.*, ¶ 12.

23   McBride told petitioner he would file the state petition immediately following the visit.  *Id.*,

24   ¶ 14.

25   Petitioner next wrote to McBride on April 27, 2010, asking for the status of his case,

26   because "[s]o far I only received a confirmation from the court's clerk that the petition has been

4

2:10-cv-03296-GEB-EFB   Document 24   Filed 08/30/11   Page 5 of 7


filed." *Id.*, ¶ 16 & Ex. F.  McBride wrote back on August 23, 2010, informing petitioner that the state petition had been denied and enclosing copies of the federal petition for petitioner's signature. *Id.*, ¶ 17 & Ex. G.  Petitioner returned the signature page six days later, expressing his appreciation to McBride for "mak[ing] sure everything gets filed correctly." *Id.*, ¶ 18 & Ex. H.

In September 2010, McBride wrote to the prison warden seeking to prevent petitioner from being moved to an out-of-state prison. *Id.*, ¶ 19 & Ex. I.  However, he did not file the federal petition until December 10, 2010, when he also sent a copy to petitioner. *Id.*, ¶ 20, Ex. K.  Petitioner did not learn that McBride had missed the federal filing deadline until McBride wrote to him in February 2011, informing him of that fact and enclosing the instant motion to dismiss. *Id.*, ¶ 21 & Ex. L.

For his part, attorney McBride asserts that he was encountering majors distractions at the time.  According to McBride, in December 2008 (about eight months before he was retained by petitioner), his ex-wife falsely accused him of sexually abusing their young daughter. Dckt. 15-3, Decl. of Mark McBride, ¶ 11.  A "Complaint" printout, apparently generated by the local police, indicates that McBride's ex-wife made the allegation on December 8, 2008. *Id.*, Ex. M.  A word-processor-generated document with the handwritten heading "Detective Estrada's Case Notes" indicates that McBride denied wrongdoing and stated that he and his ex-wife had ongoing custody issues and that she had made false allegations in court in the past. *Id.*  The "Case Notes" further indicate that a medical exam report from UCLA showed no signs of trauma on the daughter as of December 22, 2008.  The last "Case Notes" entry, dated January 21, 2009, states: "Case inactive, no evidence of any sexual assault, medical results negative, child did not disclose, father denied any knowledge.  Case closed unless other evidence develops." *Id.*  On September 14, 2009, the Los Angeles Superior Court issued a ruling in McBride's divorce case, in response to his ex-wife's apparent request for attorney fees incurred in responding to a request for an order to show cause filed by petitioner. *Id.*  The court concluded that McBride's ex-wife's "allegations and factual contentions which necessitated [McBride]'s filing of the OSC

1    [presumably the abuse allegations] lacked evidentiary support" and that McBride's request for a

2    child custody evaluation was warranted "given the details and results of the medical, police and

3    DCFS investigation." *Id.*

4         McBride declares that, at times, he was "working around the clock" to attend to his

5    practice and family obligations, to assist his divorce lawyers, and to be interviewed by the

6    Department of Child and Family Services and the local police. *Id.*, ¶ 13.  Defending against his

7    ex-wife's sexual abuse allegation was a part-time job between December 2008 and July 2010,

8    when the ex-spouses settled their custody issues. *Id.*, ¶ 14.

9         Even assuming that petitioner was diligent in pursuing his federal petition, the evidence

10   he has submitted does not establish that extraordinary circumstances stood in his way and caused

11   the petition to be filed late.  As noted above, attorney negligence itself does not constitute the

12   type of extraordinary circumstances necessary to warrant equitable tolling.  While the

13   molestation allegations McBride faced are unfortunate and unusual, all attorneys face challenges

14   in their personal lives that put them at risk of negligent performance.  Those challenges may or

15   may not ultimately cause them to perform negligently in their profession.  However, such

16   challenges do not transform ordinary negligence into the type of egregious misconduct necessary

17   for equitable tolling.  Indeed, petitioner has not shown that McBride committed the type of

18   egregious misconduct that courts have found may justify equitable tolling.  *Compare, e.g.,*

19   *Holland*, 130 S. Ct. at 2564 (holding that equitable tolling may be appropriate where the

20   petitioner's attorney not only failed to file the petition timely and was unaware of the date on

21   which the limitations period expired – facts suggesting simple negligence – but also ignored

22   repeated letters from petitioner emphasizing the importance of timely filing, providing the proper

23   filing date, and asking whether the state supreme court had decided his case, and totally failing to

24   communicate with petitioner over a period of years); *United States v. Marcello*, 212 F.3d 1005,

25   1010 (7th Cir. 2000) (denying equitable tolling where petitioner's attorney's father died several

26   weeks before the limitations period expired).

1    Nor has petitioner shown that the molestation allegations caused the untimeliness.  While

2    McBride declares that he was embroiled in his divorce and custody dispute with his ex-wife until

3    July 2010, the evidence submitted by petitioner and McBride show only that the molestation

4    allegations were raised in December 2008, that the police investigation was made inactive soon

5    thereafter in January 2009, and that the divorce court found the allegations unfounded on

6    September 14, 2009.  At that time, over two months remained to timely file the federal petition.

7    Petitioner has failed to carry his heavy burden of establishing that McBride's ex-wife's

8    allegations prevented the petition from being timely filed.

9    **IV.    Conclusion**

10    For the foregoing reasons, it is hereby RECOMMENDED that respondent's February 14,

11    2011 motion to dismiss be granted.

12    These findings and recommendations are submitted to the United States District Judge

13    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days

14    after being served with these findings and recommendations, any party may file written

15    objections with the court and serve a copy on all parties.  Such a document should be captioned

16    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

17    within the specified time may waive the right to appeal the District Court's order. *Turner v.*

18    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In

19    his objections petitioner may address whether a certificate of appealability should issue in the

20    event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing

21    Section 2254 Cases (the district court must issue or deny a certificate of appealability when it

22    enters a final order adverse to the applicant).

23    Dated:  August 30, 2011.

24

25    EDMUND F. BRENNAN
      UNITED STATES MAGISTRATE JUDGE

26